[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
 1. FACTUAL BACKGROUND
The plaintiffs, Christopher Shuckra and Juan Santiago, are both inmates in the custody of the Connecticut Department of Correction, hereafter "DOC." They filed a complaint in five counts on April 26, 2001 alleging that certain products sold to them were defective and caused them injury. Before the court on October 29, 2001 were two motions to dismiss, one filed by Philip Knight, who was named individually and as Chairman of Nike Corporation and one brought by Peter Matos, Deputy Commissioner of DOC.
At the hearing, the plaintiff Juan Santiago was permitted to withdraw from the case. Christopher Shucka, the remaining plaintiff, agreed that Philip Knight's motion to dismiss could be granted as this court had no personal jurisdiction over him. Peter Matos' motion to dismiss remains.
The complaint alleges that Mr. Matos, as Deputy Commissioner of DOC, was responsible for the operations of the commissaries within the DOC and alleges that he entered into contracts with the other named defendants with the intent to sell inferior and defective products to inmates of the CT Page 1617 DOC. The complaint also alleges a conspiracy between the defendants to sell such products to inmates at an excessive price and contains a count alleging unfair trade practices pursuant to the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110 et.seq. Its basic thrust sounds in products liability.
At issue are whether, under these allegations, sovereign immunity bars the action against the Deputy Commissioner.
 2. LAW A. Motion to strike
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580.
 B. Sovereign Immunity
In general, the State of Connecticut is immune from suit unless it consents to be sued. Lacasse v. Burns, 214 Conn. 464, 468 (1990) "Since the state can only act through its officers and agents, a suit against a state officer or agent is one against the sovereign state." White v.Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). The real party in interest is not the DOC, but the state in this case. See Barde v. Boardof Trustees, 207 Conn. 59, 64, 539 A.2d 1000 (1988). Peter Matos could also be viewed as being sued in his individual capacity, but even in his individual capacity, such an agent is generally entitled to statutory immunity pursuant to Connecticut General Statutes § 4-165 which states:
 Immunity of state officers and employees from personal liability.
No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. CT Page 1618
The sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction in the absence of an express statute permitting suit or permission of the claims commission. Antinerella v. Rioux, 229 Conn. 479,642 A.2d 699 (1994); Shay v. Rossi, 253 Conn. 134, 169, 749 A.2d 1147
(2000).
 3. DISCUSSION
The various allegations against the Deputy Commissioner under a products liability theory view him as a "product seller" pursuant to the Connecticut products liability statutes, Connecticut General Statutes § 52-572 m (a). A review of the statute indicates that it does not contain within it any implication that the state, its agencies or any of its officials may be sued for products liability. Without such a waiver, the only remaining course of action for the plaintiff is permission from the Claims Commissioner to sue the state in this case, something that has not been done.
The plaintiff argues that, since Peter Matos was acting outside of the scope of his official capacity, he may be sued individually. He claims that Peter Matos acted recklessly in selling the products, which injured him. Yet there are no such allegations to be found in the complaint. The court is not persuaded. There is no express statute, which would operate to waive sovereign immunity for the claims alleged by the plaintiff. Nothing has been alleged by the plaintiff either in his complaint or in his objection to the motion to effectively counter the legal doctrine of sovereign immunity. Permission has not been sought to bring this suit. For the foregoing reasons, the court grants the defendant Peter Matos' motion to dismiss. The court hereby dismisses counts three and four of the complaint as they relate to this defendant.
BY THE COURT
_________________________ Barbara M. Quinn, Judge